| .GUIDRY, J.
The assignees of an option to acquire oil, gas and mineral leases appeal a judgment overruling exceptions raised by them objecting to venue. On reviewing the law and the evidence, we reverse.
FACTS AND PROCEDURAL HISTORY
In 1992, Rock Energy, Inc. (“Rock”), purchased an option to acquire oil, gas and mineral leases from Bomer Blanks Lumber Company on land located in Point Coupee Parish. Two years later, by a letter agreement, Rock assigned the option rights acquired from Bomer Blanks Lumber Company, Inc. to Equity Oil Company (“Equity”).[1] In consideration of the option rights assigned, Equity agreed, in addition to other consideration, to pay Rock “one-half (1/2) of the proceeds received for any seismic options which might be negotiated by EQUITY.”
Following the execution of the Rock/Equity letter agreement, Equity assigned the option to Chesapeake Operating, Inc. (“Chesapeake”). Chesapeake paid Equity $1,200,000 for the option assigned.
On receiving notice from Equity of this further assignment, Rock demanded payment from Equity in accordance with the letter agreement. When Equity refused to *921 remit the payment demanded, Rock filed a suit for damages against Equity and Chesapeake (“appellants”) in Point Coupee Parish. In response, appellants filed several exceptions objecting to Rock’s petition, including the objection of improper venue. Appellants asserted proper venue to be in either East Baton Rouge Parish, the designated location of the primary business office of Chesapeake (a foreign corporation licensed to do business in Louisiana), or Caddo Parish, the domicile of Equity. Following a hearing, the submission of an amended petition and post-trial briefs, the trial court rendered judgment overruling the |3exception objecting to improper venue. The appellants filed a writ application with this court seeking supervisory review of the trial court’s judgment. This court found, however, that “the trial court’s judgment overruling the declinatory exception urging the objection of improper venue is an appealable interlocutory judgment which causes irreparable injury under the facts of this case.” In so finding, the writ was denied with an order instructing the trial court to grant the appellants an appeal pursuant to their pleadings seeking writs to this court.
DISCUSSION
By their appeal, appellants seek review of the correctness of the trial court’s judgment overruling the exceptions raised by them objecting to venue.
Venue is defined as the “parish where' an action or proceeding may properly be brought and tried under the rules regulating the subject.” La. C.C.P. art. 41. At issue in this appeal is whether the plaintiffs action should be construed as an ac-' tion brought to enforce a right in contract, for which the venue provisions of La. C.C.P. art. 76.1 would apply, or as an action brought to enforce an “interest in ... or right in, to, or against” immovable property, for which the venue provisions of La. C.C.P. art. 80(A)(1) would apply.
Code of Civil Procedure article 76.1 states that “[a]n action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed únder the terms of the contract.” Whereas, La. C.C.P. art. 80(A)(1), which governs venue for actions involving immovable property, provides:
A. The following actions may be brought in the parish where the immovable property is situated or in the parish where the defendant in the action is domiciled:
(1) An action to assert an interest in immovable property, or a right in, to,.or against immovable property, except as otherwise provided in Article 72;
|4These articles'must be read in conjunction with La. C.C.P. art. 45, which provides, in pertinent part, that “Article 78, 79, 80, 81, 82, or 83 governs the venue exclusively, if this article conflicts with any of Articles 42 and 71 through 77[J”
In a case closely analogous to the case before us, the Fourth Circuit determined that the right asserted by the plaintiff, though stemming from a contract, was one brought to enforce an interest in or a right in, to, or against immovable property, and therefore the exclusive venue provisions of La. C.C.P. art. 80 were held to apply to the plaintiffs cause of action. See CLK Company, L.L.C. v. CXY Energy Inc., 98-0802, pp. 20-21 (La.App. 4th Cir.9/16/98), 719 So.2d 1098, 1108-1109, writ denied, 98-3146 (La.2/12/99), 738 So.2d 574. In that case, the plaintiff corporation contracted with the defendant to provide certain geophysical and geological services in exchange for being granted an overriding royalty interest, in the event the defendant should “acquire an interest or the right to acquire an interest in the property” that *922 was the subject of the proffered geophysical and geological services. CLK Company, L.L.C., 98-0802 at 1, 719 So.2d at 1099. Noting that an overriding royalty interest is classified as an incorporeal immovable, the court found that the plaintiff was essentially seeking to enforce its right to the overriding royalty interest. CLK Company, L.L.C., 98-0802 at 4-5, 719 So.2d at 1100-1101.
In the case before us, Rock’s sole contention is that Equity failed to pay it one-half of the proceeds received as a result of the alleged assignment of seismic options to Chesapeake. This is unlike the plaintiff in CLK Company, L.L.C., which sought payment of the overriding royalty interest owed to it. The overriding royalty interest granted the plaintiff in CLK Company, L.L.C., was an incorporeal immovable; and since it was found to be the object of the plaintiffs claim, the court held that this aspect of the claim took precedence over the contractual aspects for venue purposes. CLK Company, L.L.C., 98-0802 at 21-22, 719 So.2d at 1109. Thus, the question before us, assuming “seismic options” can be similarly classified as an incorporeal immovable, is whether the seismic options are the “object” of Rock’s claim for the purpose of subjecting Rock’s claim to the venue provisions relating to immovable property, La. C.C.P. art. 80(A)(1). We find that the seismic options are not the object of Rock’s claim.
A plain reading of Rock’s petition indicates that Rock seeks to recover a sum based on a transaction entered into by the appellants. In its petition, Rock does not allege that the seismic options on the designated property have been exercised. Rather, it merely alleges that the seismic options have been assigned, and as result thereof, it is entitled to one-half of the proceeds realized from the assignment. Rock does not seek an interest in, or a right in, to, or against the immovable property which is subject to the seismic options, but rather it seeks an interest in, or a right in, to, or against the proceeds realized as a result of the alleged assignment of the seismic options.
Therefore, we find that the trial court erred in overruling the declinatory exceptions raised by the appellants objecting to the venue of this action since the object of Rock’s suit is not immovable property and the parties do not dispute that the subject contracts were not negotiated, executed, performed, or to be performed in Pointe Coupee Parish.
We also find no merit to Chesapeake’s alternative argument that Rock’s claims should be dismissed, pursuant to La. C.C.P. art. 121, for knowingly filing its amended petition in the same venue. At the time Rock filed its amended petition, the trial court had not ruled on the appellants’ exceptions objecting to venue; further, the trial court ultimately determined that venue was proper and overruled the appellants’ exceptions. Based on the facts and the procedural history of this matter, we do not find that Rock “knowingly” filed its amended petition in the wrong venue.
^CONCLUSION
Considering the foregoing discussion, we find that the trial court erred in overruling the declinatory exceptions raising the objection of improper venue. We reverse the judgment of the trial court and sustain the exception. We further remand this matter to the trial court with instructions that this case be transferred to a parish of proper venue. All costs of this appeal are assessed to Rock Energy, Inc.
REVERSED AND REMANDED.

. In the letter agreement, Rock also assigned an oil, gas and mineral lease acquired from Bomer Blanks Lumber Company, Inc., which is not a subject of this suit.